**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES RAY FOUNTAIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:12-cv-02477-JHH-JEO |
| | ) | |
| WARDEN LEON FORNISS ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION</u>**

This is a petition for a writ of habeas corpus brought by a person incarcerated in a State of Alabama correctional facility following his convictions of sexual misconduct, two counts of production of obscene material, and permitting a child to engage in the production of obscene material, said convictions occurring in Lauderdale County Circuit Court.  *See* 28 U.S.C. § 2254. (Doc. 1).[1]  Upon consideration, the Court finds that the petition is due to be dismissed because it is barred by the applicable statute of limitations.

**BACKGROUND**

The petitioner, Charles Ray Fountain, was convicted on January 16, 2008, of the above offenses following a jury trial.  (Doc. 8-2 at 18 of 30).  He was immediately sentenced to a total term of twenty-five years custody.  (*Id.*)  Fountain appealed his convictions, which were affirmed by the Alabama Court of Criminal Appeals on March 20, 2009.  (Doc. 8-1).  His application for certiorari review was denied by the Alabama Supreme Court on September 11, 2009.  (Doc. 8-4). A certificate of judgment was issued the same day.

Fountain mailed a post-conviction petition pursuant to ALABAMA RULE OF CRIMINAL

---

[1]References herein to "Doc. ___" are to the numbers assigned each document by the Clerk of the Court.

PROCEDURE 32 on May 31, 2011.  (Doc. 8-5 at 10 of 19).  It was denied by the trial court on July

20, 2011.  The denial of relief was affirmed by the Alabama Court of Criminal Appeals on

February 3, 2012.  A judgment was issued on May 11, 2012.  (Doc. 8-14).

On June 6, 2012, the Clerk of the Court for the United States District Court of the Middle

District of Alabama received the present petition.  (Petition at p. 1).[2]  It was executed by the

petitioner and placed in the mail on May 28, 2012.  (*Id*. at 16 of 17).  In the petition, Fountain

asserts that he is being illegally detained.  The case was transferred to this Court for review due

to the fact that the petitioner was convicted on the underlying charges in this District.  (Doc. 1).

The respondents were required by this Court to appear and show cause why the requested relief

should not be granted.  (Doc. 7).  In response to the Court's order, the respondents filed an

answer in which they assert, *inter alia*, that the petition is due to be dismissed because it is barred

by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA").  (Answer at 5).[3]  The parties were advised that the respondents' answer

would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules

Governing Section 2254 Cases.  (Doc. 9).  The petitioner filed a response requesting that the case

be dismissed without prejudice.  (Doc. 10).  The matter is ripe for review.

## DISCUSSION

AEDPA reads in pertinent part as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of —

---

[2]The petition is located at document 1-1 in the file.

[3]The answer is located at document 8, and includes the exhibits referenced herein .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Fountain's conviction became final on December 10, 2009, when the time for seeking certiorari review in the United States Supreme Court expired.  *See* U.S.S.C. RULE 13.1; *Coates v. Byrd*, 211 F.3d 1225, 1226-27 (11th Cir. 2000) ("direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" ). Accordingly, Fountain had until December 10, 2010, to file his petition with this court.  He did not.  His time for filing lapsed at that point absent some exception to the general rule.

Section 2244(d)(2), as noted above, does provide that the time during which a properly filed application for State post-conviction petition is pending is not counted against the statute of

limitations.  However, Fountain did not file a post-conviction petition to toll the running of the limitations period until May 31, 2011.  Because this is after the expiration of the Federal statute of limitations, the filing did not toll anything.  Accordingly, the present petition is barred from review.

Additionally, there is no evidence the petitioner is actually innocent of the convictions. The undersigned finds Fountain is not entitled to further review.  *See Ray v. Mitchem*, 272 Fed. Appx. 807, 810-11, 2008 WL 887379 at *3 (11th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 317, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

To the extent the petitioner seeks a dismiss of this action without prejudice (doc. 10), the Court declines to do so.  "The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal.  *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991).  What is more, in exercising its discretion, the court must 'keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.' *Id.* at 1503."  *In re Bayshore Ford Trucks Sales*, *Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006).  In this instance, the respondents were required to answer the petitioner's claims and were required to locate, collect, and submit the relevant record.  They have demonstrated the absence of any right to further review.  To permit a dismissal without prejudice is not fair to the respondents or justified under the circumstances.  Accordingly, this matter is due to be dismissed with prejudice.

## CONCLUSION

Accordingly, the court finds that the petition for a writ of habeas corpus is due to be dismissed with prejudice.  It is barred by application of the statute of limitations.  An appropriate

order will be entered.

**DONE** this the 25th  day of January, 2013.

SENIOR UNITED STATES DISTRICT JUDGE